## ARTHUR W. GUILFORD *vs.* JAMES MASON.

### PROVIDENCE—JULY 31, 1902.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Contracts. Questions of Fact.*

The question whether an agreement sued upon was obtained by misrepresentation and fraud on the part of the plaintiff is one of fact for the jury ; and where the court instructed the jury that if the plaintiff misled the defendant the latter would not be bound by said agreement, after verdict for the plaintiff it must be presumed that the jury did not find the agreement was obtained by misrepresentation.

(2) *Contracts. Performance.*

Where the evidence is conflicting, the question whether plaintiff did all he was required to do to carry out his part of the contract, and used due diligence to find the defendant in order to pay him the amount agreed upon, is, upon proper instructions by the court, one of fact for the jury.

(3) *Contracts. Performance.*

Where the jury must have found that the defendant by his conduct prevented an acceptance of his offer by the plaintiff, it is immaterial what was the character of the contract between them, whether mutual or otherwise.

(4) *Contracts. Performance.*

Irrespective of the technical character of an agreement mutually entered
into and signed by both parties, where one of the parties has complied
with the terms thereof on his part to be performed he is entitled to
maintain an action against the other for a breach.

ASSUMPSIT. The facts are stated in full in 22 R. I. 422.
Heard on petition of defendant for new trial, and petition
denied.

(1)    TILLINGHAST, J. Upon a careful examination of the evi-
dence in this case, we are satisfied that the jury were war-
ranted in finding the verdict for the plaintiff.

Whether the written agreement entered into on March 31,
1899, whereby the defendant agreed to sell and transfer to the
plaintiff the stock in question for the sum of $8,000, was ob-
tained by misrepresentation and fraud on the part of the plain-
tiff, as set up by the defendant, was purely a question of fact
to be determined by the jury. And as the court fully and
clearly instructed them that if the plaintiff did mislead and
deceive the defendant with regard to the value of said stock at
the time said agreement was made—that is, if he made any
false representations concerning the same, and thereby induced
the defendant to enter into the agreement aforesaid, then he
would not be bound by said agreement—it must be presumed
that the jury did not find that said agreement was obtained
by misrepresentation and fraud. And as the evidence was
conflicting upon this question, it was clearly one for the jury
to decide.

(2)    The other vital question in the case was whether the plain-
tiff did all that he was required to by way of endeavoring to
carry out his part of the contract—that is to say, whether he
was ready, willing, and able to pay the amount agreed upon
for said stock within the ten days limited by the agreement,
and also whether he used due diligence in endeavoring to find
the defendant in order that he might pay him the amount
agreed upon and receive a transfer of the stock. And the
record shows that this question was also fairly submitted to
the jury, under proper instructions. And as the evidence bear-

ing thereon was also conflicting, the same rule applies in the determination thereof as that above mentioned relating to the other issue of fact.

(3)    Again, whether the defendant purposely evaded the plaintiff, as claimed by him, so as to prevent him from carrying out his part of the agreement, was also an important question and one upon which the evidence was conflicting.   And as the jury, under the instructions of the court, must have found in favor of the plaintiff upon that issue, it is quite immaterial whether, technically speaking, the contract in question was a unilateral one, as argued by defendant's counsel, or a bilateral one, as argued by plaintiff's counsel.   For, if the defendant so conducted himself as to prevent the plaintiff from meeting him and carrying out his part of the proposed transaction, and said agreement was not obtained by fraud, then the plaintiff's case was fully made out, regardless of the proper technical name to be applied to said agreement.

That part of the charge to the jury to which exception was taken by defendant is contained in the plaintiff's first request to charge, which was as follows : "The jury are instructed that this being a mutual contract, if the plaintiff was ready and willing to perform his part of the contract and gave the defendant notice to that effect, then the defendant was in fault when he failed to meet the plaintiff and deliver the stock."

The court said : "That is true, if you find that there were no false statements made which induced the defendant to make the pledge."

The only ground of the defendant's exception to the granting of this request to charge is that the contract in question was not a mutual one, but was simply an offer on the part of the defendant to sell the stock to the plaintiff at the price agreed upon, which offer was to be held open until April 10th, 1900, and the acceptance of which on the part of the plaintiff was to be made in the manner stipulated.   In other words, the contention of the defendant is that said contract at the time of its execution was a unilateral one, as aforesaid, and that, owing to the failure of the plaintiff to pay to the defendant the amount agreed upon for said stock within the time

limited in the agreement, the plaintiff acquired no rights thereunder.

The argument of counsel is as follows: "Until Guilford has accepted the offer in the way provided for by the agreement, there is no contract upon which he can sue Mason, growing out of Mason's offer. This acceptance is, under the terms of the agreement, by the payment of money. Until Guilford has gone to Mason and offered him the money or a substitute as good as money, that is—certified checks and other evidences of indebtedness which pass current for money—he has not complied with the condition of the offer, and there can be no recovery by him because the offer has never ripened into a contract unless Mason has so acted as to prevent an acceptance of his offer by Guilford." But the jury must have found that Mason *did* so act as to prevent an acceptance of his offer by Guilford, and hence we fail to see the force of the argument.

(4)     As to what constituted a sufficient performance on the part of the plaintiff of the condition which entitled him to maintain his action, we refer to our former opinion in this case, 22 R. I. 422. And the evidence produced at the last trial, as to the plaintiff's conduct in the premises, is substantially the same as it was at the first trial. So that, as already intimated, it was competent for the jury to find that the plaintiff did all that was required of him by way of being ready and endeavoring to meet the defendant and pay for the stock as stipulated in the agreement. And hence we see no reason why the action cannot be maintained, whether the contract was technically a mutual one, as denominated by us in our former opinion and as assumed by the trial judge in that part of the charge excepted to, or not. In any event, it was a contract mutually entered into and mutually signed by both parties. And by complying with the terms thereof, on the part of the plaintiff, as the jury must have found that he did, he clearly was entitled to recover in this action.

Petition for new trial denied, and case remitted for judgment on the verdict.

*Tillinghast & Murdock*, for plaintiff.

*Arnold Green & Edwards & Angell*, for defendant.